*Laplant v. Pallito*, No. 240-4-14 Wncv (Teachout, J., February 4, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 240-4-14 Wncv** |

**TRAVIS LAPLANT**
    **Petitioner**

    **v.**

**ANDREW PALLITO, COMMISSIONER,**
**Vermont Department of Corrections**
    **Defendant**

### DECISION
### The DOC's Motion to Dismiss

Petitioner Travis LaPlant, an inmate in the custody of the Vermont Department of Corrections (DOC), seeks Rule 75 review of the DOC's decision to not give him a work camp placement, which would enable him to earn work camp good time. He characterizes the DOC's refusal as a violation of his due process rights, his rights under Vermont's Common Benefits Clause, and as an abuse of discretion. He seeks placement in work camp and an award of good time dating back to when he believes his eligibility began. The DOC has filed a motion to dismiss.

Mr. LaPlant alleges that he was "case staffed" to participate in work camp but then that decision was reversed internally. E-mails produced by the DOC at his request, and appended to his original complaint, brought to his attention that the decision against work camp was motivated by the existence of a prior DR and perceptions about his propensity toward violence and escape.

All of Mr. LaPlant's claims are predicated on his belief that he has some entitlement to participate in work camp. The statutes that address work camp, principally 28 V.S.A. §§ 811 and 817, do not entitle any inmate to a work camp placement and no statute, rule, policy, or directive limits the DOC's discretion to determine whether or not to place a particular inmate in work camp. There is no right to work camp or to review of a decision against work camp.

Mr. LaPlant thus has not identified any ministerial duty that might entitle him to relief in the nature of mandamus, or any quasi-judicial decision that might entitle him to relief in the nature of certiorari, as contemplated by Rule 75. See *Inman v. Pallito*, 2013 VT 94, ¶¶ 10–18, 195 Vt. 218 (explaining that the DOC's broad discretion over an inmate's programming requirements is not reviewable). He similarly has not identified any liberty interest that might give rise to due process rights, and has not meaningfully described any Common Benefits violation.

**ORDER**

For the foregoing reasons, the DOC's motion to dismiss is *granted*.

Dated at Montpelier, Vermont this _____ day of February, 2015.

 

 

_____
Mary Miles Teachout
Superior Judge